IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3040-D

| | |
|---|---|
| RONALD SHEREE BUTLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRIS BATTON, et al., )<br>)<br>Defendants. ) | **ORDER** |

Ronald Sheree Butler ("Butler" or "plaintiff"), a former pretrial detainee, filed this action under 42 U.S.C. § 1983 [D.E. 1]. On April 18, 2011, the court reviewed the complaint pursuant to 28 U.S.C. § 1915, and allowed the action to proceed as to plaintiff's claim for deliberate indifference to a serious medical need against an unidentified male nurse[1] [D.E. 5]. On May 20, 2011, Basobas answered the complaint [D.E. 9]. On July 20, 2011, Basobas filed a motion for summary judgment [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Butler about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 14]. Butler did not file any response in opposition, and the time within which to do so has expired. As explained below, the motion for summary judgment is granted.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

---

[1] The defendant has identified himself as Asterio Basobas. [D.E. 12-4] (Basobas Aff.).

see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. In the light most favorable to plaintiff, the facts relevant to the motions for summary judgment are as follows.

On November 6, 2007, during the course of his arrest, Butler broke his arm and was transported to the Columbus Regional Hospital, where he received surgery. Compl. [D.E. 1] 6. Butler was then transported to the Columbus County jail, where on November 11, 2007, he "somehow slipped and fell" onto his broken arm. Id. 7, 9. Defendant Basobas examined Butler, who "talked about moving my fingers and [stated] my arm was alright." Id. 9; see also Basobas Aff. ¶ 9. Finally, on November 15, 2007, Butler's prescription for pain medication expired, and Basobas refused to have it renewed. Compl. 11. Basobas acknowledges that "[t]here is a standing order within the Columbus County Jail not to distribute narcotics. However, where pain medication was requested, Ibuprofen or Tylenol was available to inmates. If Mr. Butler had requested pain

2

medication, he would have been offered Ibuprofen or Tylenol." Basobas Aff. ¶ 11.

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, however, the analysis under the Due Process Clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), overruled on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Nicodemus, 979 F.2d at 991 (quotation omitted). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the prisoner to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation omitted) (emphasis omitted). Under the second prong, the prisoner must show that "subjectively the officials acted with a sufficiently culpable state of mind." Id. (quotation, alteration, and emphasis omitted).

To meet the subjective prong, a plaintiff must show that the prison official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition,

3

medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837. Plaintiff must demonstrate that the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Grayson v. Peed, 195 F.3d 692, 695–96 (4th Cir. 1999).

Butler has failed to show that Basobas acted with deliberate indifference to his medical needs, or that the care provided him was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Basobas examined Butler after his fall and determined that he was not further injure. Notably, Butler does not offer any evidence to the contrary. Moreover, as for the medication offered to Butler, Butler has not shown anything more than a difference of opinion as to course of treatment, and thus fails to state a claim of constitutional magnitude. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Starling v. United States, 664 F. Supp. 2d 558, 569–70 (D.S.C. 2009). Thus, Butler's claim against Basobas fails.

II.

As explained above, the court GRANTS defendant's motion for summary judgment [D.E. 11]. The Clerk of Court is directed to close the case.

SO ORDERED. This 13 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge

4